## John Dawson, Administrator, Plaintiff in Error, v. John Kitch et al., Defendants in Error.

1. JUDGMENTS—*form where plaintiff is defeated.* Where a plaintiff is defeated in an action the form of judgment to be entered is one in bar of the action.

2. LANDLORD AND TENANT—*rule as to liability for personal injuries.* A landlord is not liable or responsible for a dangerous and unsafe condition of premises where the premises were reasonably safe at the time of the beginning of the tenancy but became dangerous and unsafe under the occupation of the premises by the tenant under the lease, unless the landlord has especially undertaken and agreed to keep the premises in reasonably safe condition and repair or had been notified of the dangerous and unsafe condition and has agreed or contracted to repair the same.

Action in case. Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed May 28, 1910.

LIVINGSTON & BACH, for plaintiff in error.

BARRY & MORRISSEY, for defendants in error.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This action is brought by plaintiff in error to recover for the alleged wrongful death of his wife and upon the tal the Circuit Court directed the jury to find the defendants not guilty and rendered judgment on the verdict in bar of action.

Defendants in error were the owners of a piece of property in Ellsworth, McLean county, upon which was erected a building the second story of which was leased to the Modern Woodmen of America and of which they have had possession as tenants of defendants in error for a number of years. In this second story was a stage and on various occasions the tenants, Modern Woodmen, had sublet the premises for public purposes.

The entrance to the upper story was by means of an inside stairway in the front of the building, and this was the only means of entrance to the general public whenever it was used as a place of public entertainment. There was, however, a stairway constructed at the rear end of the building which led to the second floor and the door leading from the hall to the stairway was in the rear of the building. This stairway did not connect with any street or public thoroughfare. At the time that the Modern Woodmen of America became the tenants of defendants in error in these premises this back stairway was protected by a railing but during the last year of their occupancy it became out of repair, dilapidated and so useless that the railing had been removed or had fallen down, the record does not disclose which. While in this condition on or about the fourth day of April, 1908, the hall was sublet by the Modern Woodmen of America for the purpose of holding a church fair or festival therein and during the time of this entertainment the building caught fire and in escaping from the building appellant's intestate proceeded by the back stairway and in descending the same was crowded or pushed off from the stairway, fell a distance of fifteen feet or more, was injured, from which injuries she died.

Plaintiff in error insists on a reversal of the judgment of the trial court, alleging as reasons therefor, first, that the

court erred in directing a verdict for the defendant and rendering a judgment on the verdict; second, that the court erred in rendering a judgment in bar of action; and third, the court erred in rendering a judgment against the administrator for costs in awarding execution. Upon the latter question it is sufficient to say that a supplemental record has been filed which shows that the trial court amended its judgment directing and awarding an execution, and the final judgment is that the costs should be paid in the due course of administration.

Upon the question as to the rendition of a judgment in bar of action by the trial court, it was not error to render a judgment in bar of action as that is the proper judgment where the plaintiff is defeated in the action.

Upon the assignment of error to the action of the court in directing a verdict, it is contended by plaintiff in error that although the Modern Woodmen were the tenants and were in possession of these premises and had been for a number of years prior to the injury and had so continued to the time of the injury and although their lease was a leasing by the year and although there had been a continual holding under the old lease until a short time prior to the accident, this was in the contemplation of law a new lease at the expiration of each year, and that the landlord while ordinarily not liable for the condition of premises in the occupation of a tenant and not liable ordinarily to keep the same in repair, that in contemplation of the law there being a new lease at the beginning of each year, the landlord became liable during each successive year for the condition of the premises as they existed at the beginning of that year and that if the premises were in a dangerous condition at the time of the commencement of each successive year then the landlord would be liable for any injury occasioned thereby, notwithstanding the premises were in the possession of a tenant; and it is further contended that a short time before the beginning of the year in which the accident occurred, the Modern Woodmen of America had notified the landlord that they would continue the lease for another year provided the landlord would make

repairs upon this rear stairway by adding thereto a railing and improving other conditions, and that the landlord agreed that this should be done, and upon this condition, and the promise of the landlord so to do, the Modern Woodmen of America continued in the possession of the premises.

On the other hand it is contended by the defendants in error that the Modern Woodmen of America having had the premises leased for a number of years and continued to occupy them from year to year without any new lease having been executed, that the tenancy became one from year to year and while the premises so remained in the possession of the tenant the landlord was not liable for any condition that arose after the original leasing, and the evidence being that at the time of the original leasing there was a railing upon the stairway and that it had existed up to and during a portion of the last year of the tenancy of the Modern Woodmen, defendants in error are not liable for the conditions which were then created, and further that the tenancy of the Modern Woodmen of America being a tenancy from year to year under the statute and no notice having been given by the Modern Woodmen of any intention to vacate the property or surrender the lease at the end of the then current year, that the tenants were bound to occupy, and could not surrender, the premises at the end of the then current year, for the reason no notice had been given sixty days prior to the expiration of said year, that the same would be vacated, and that being bound for the occupancy of the premises for the next succeeding year, that any contract or claim to repair which may have been made by the landlord with the Modern Woodmen of America for the succeeding year was without any consideration and void and they were not bound to make repairs under such agreement even if it had been made; that such a contract, even if proven, was *nudum pactum*.

From a careful examination of the record in this case we find that the record discloses that defendants in error were the owners of this property, that the same was leased to the Modern Woodmen of America a number of years prior to the time of the accident complained of, that the same was oc-

cupied under a lease from year to year, that after the first occupancy no new lease or contract was entered into and the Modern Woodmen of America were tenants from year to year, that the condition of the premises which is complained of and is alleged as negligence on the part of the defendants in error was created during the pendency of the lease and during the occupancy of the Modern Woodmen of America of these premises as tenants of defendants in error, and the rule of law in this state is, the landlord is not liable or responsible for a dangerous and unsafe condition of premises where the premises were reasonably safe at the time of the beginning of the tenancy but became dangerous and unsafe during the occupation of the premises by the tenant under the lease, unless the landlord has specially undertaken and agreed to keep the premises in reasonably safe condition and repair or had been notified of the dangerous and unsafe condition and has agreed or contracted to repair the same.

There being no dispute in this case that the condition here complained of arose during the occupancy of the tenant, the only theory contended for upon which the landlord could be here liable, is by reason of the alleged contract made at the time of the making of the alleged new lease, a short time prior to the expiration of the then current year.

Conceding the landlord did agree that the dangerous condition of this stairway would be remedied before the new lease should commence, the tenant then being liable for holding of the premises for the succeeding year, having given no notice or an intention to surrender within the time required by the statute, and being so liable to the landlord, any contract or agreement made by the landlord in consideration of such continuance of the lease for another year was without any consideration, and this alleged contract having been made at the time of the agreement to lease the premises for another year, and the current year not having expired, any contract made at that time for the renting of the premises for a year to commence in the future not in writing was void and could not have been enforced by the Modern Woodmen of America, and this condition of the premises having arisen

during the time when the Modern Woodmen were so occupying the premises as tenants no duty was imposed by the law upon defendants in error to make the repairs to these premises and the owners of the building are not liable for an injury caused by reason of a failure to make the repairs and the trial court having committed no error in giving the peremptory instruction and directing a verdict for the defendants, the judgment of the lower court is affirmed.

*Affirmed.*